# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

JOSEPH WAYNE EVANS, JR.,
        Petitioner,

v.                           Case No. 11-C-1091

PAUL HUIBREGTSE, Warden,
Wisconsin Secure Program Facility,
        Respondent.

## ORDER

On November 17, 2011, Joseph Wayne Evans, Jr., filed this petition pursuant to 28 U.S.C. § 2254 with regard to his state court conviction and sentence. Petitioner was convicted in Marinette County Circuit Court of first degree intentional homicide and criminal damage to property. He is currently incarcerated at the Wisconsin Secure Program Facility.

Petitioner raises two issues in his petition, but it appears that he is currently exhausting a third claim in state court involving ineffective assistance of appellate counsel. Under 28 U.S.C. § 2244, a petitioner gets only one opportunity for federal habeas review. This means that if petitioner were to proceed with his first two claims at this time, he would be forfeiting federal review of his third, unexhausted claim. Petitioner seems to recognize this, in that he asks that I "toll" the one-year statute of limitations while he exhausts his third claim. However, because petitioner has filed a state habeas petition with respect to his conviction, the statute of limitations is already tolled by virtue of § 2244(d)(2), which provides: "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not

be counted toward any period of limitation under [§ 2244]." In other words, so long as the state habeas proceedings are pending, the one-year statute of limitations for filing a federal habeas petition with respect to the conviction will not begin to run.[1]

Thus, because I assume that petitioner will want to preserve his right to federal habeas review of his claim of ineffective assistance of appellate counsel, I will give him an opportunity to withdraw the present petition. Again, petitioner should be aware that if he does not withdraw the present petition, he will almost certainly be waiving his right to federal review of the ineffective-assistance claim, since under § 2244 a petitioner is entitled to only one round of federal habeas review and cannot split his claims among multiple petitions. If petitioner decides to withdraw the present petition, he may file a fresh petition that includes all three of his claims after the state proceedings regarding ineffective assistance of appellate counsel are complete.

**THEREFORE, IT IS ORDERED** that plaintiff shall inform the court within 21 days of the date of this order whether he wishes to withdraw his habeas petition.

**IT IS FURTHER ORDERED** that petitioner's motion to proceed in forma pauperis is **GRANTED**.

Dated at Milwaukee, Wisconsin, this 8th day of December 2011.

s/_____
LYNN ADELMAN
District Judge

---

[1] This assumes that the state habeas petition was "properly filed." I assume that it was, but petitioner is advised to ensure that his state-court filings are not deficient in any manner. I see that petitioner's original state habeas petition was stricken due to petitioner's failure to meet the page limit and to verify the petition, but petitioner has re-filed that petition, and I assume he has corrected those deficiencies.

2